FRANK, Judge.
The instant matter is before this Court upon the husband’s claim that the lower court was in error in its order of commitment for contempt arising from the husband’s failure to comply with an order requiring the payment of child support. The wife did not file a brief with the Court or otherwise respond to the appellate proceeding. The events below are summarized as follows: the wife moved the lower court for the entry of an order requiring the husband to show cause why he should not be held in contempt for failing to maintain child support payments. Such order was entered, the husband filed an answer and a hearing was conducted which resulted in an “Order of Commitment For Contempt” embodying a finding that the husband’s child support payments, as of the date of that order, were delinquent in the amount of $16,750.00. Based upon such finding, the decretal portion of the order provides that the husband spend—
179 days in the Collier County Jail, of which 8 consecutive weekends are to be served from 7:00 PM Friday to 7:00 AM Monday, beginning April 29, 1984. The remainder of the 179 days shall be suspended upon the Respondent resuming regular payments of $600.00 per month plus the previously ordered $50.00 per month on the current arrearage, plus the $2.00 Clerk fee, for a total of $662.00 due the 10th of each month.
The husband asserts that the order from which he appeals is ambiguous for the reason that it fails to characterize the contempt as civil or criminal. Thus, he urges that if the order is deemed remedial of a civil contempt, it is void because the lower court did not express a finding with respect to his financial ability to make the payments — a finding required by Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976).
Moreover, the husband contends that if the order is intended to remedy an indirect criminal contempt, there was a failure on the part of the lower court to comply with Rule 3.840 of the Florida Rules of Criminal Procedure. We agree.
In Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977), the supreme court made plain that to sustain an order associated with an indirect criminal contempt, such order must be entered in accordance with the requirements of Rule 3.840.
Notwithstanding that the lower court’s order enmeshes elements of both civil and criminal contumacy, we view the fixed term of 179 days as the imposition of a criminal sanction without according the husband-contemnor the benefit of Rule 3.840’s procedural safeguards. See In Re S.L.T., 180 So.2d 374, 378-380 (Fla. 2d DCA 1965). The terms of the order leave no doubt that incarceration for a determinate period was intended to occur regardless of whether the husband satisfied the prescribed payments. Finally, that aspect of the challenged order which appears civil in nature, i.e., allowing the husband to achieve suspension of the major portion of the jail sentence upon compliance with the *458 payment requirement, cannot be sustained because of the lower court’s failure to find that the husband possessed the ability to pay. Faircloth; see Robbins v. Robbins, 429 So.2d 424, 430-431 (Fla. 3d DCA 1983).
Accordingly, we reverse and remand to the lower court for the conduct of a proceeding consistent with this opinion.
OTT, A.C.J., and BOARDMAN, EDWARD F., (Ret.) J., concur.