495 So.2d 269 (1986)
Bonnie QUEENER, Appellant,
v.
Carl QUEENER, Appellee.
No. 86-361.
District Court of Appeal of Florida, Second District.
October 1, 1986.
Frank P. Murphy, Naples, for appellant.
Jim D. Shumake, Naples, for appellee.
SCHEB, Acting Chief Judge.
Bonnie Queener, the wife, appeals from an order holding her in contempt for failing to pay a lump-sum alimony installment to Carl Queener, her former husband.
In the final judgment of dissolution of marriage, the trial court directed the wife to pay the husband $100,000 in lump-sum alimony in semiannual installments of $12,500 over four years. After October 29, 1985, the date the first installment was due, the wife tendered a check to the husband for $6,250, which the husband refused to cash. On November 25, 1985, the wife filed a motion for modification of the installment payments to extend the payments over eight years. The record fails to disclose whether a hearing was held on this motion.
On December 11, 1985, the husband moved to hold the wife in contempt for her failure to pay the first installment. On January 31, 1986, the trial court, after an unrecorded hearing, found the wife in contempt. It ordered her to serve 179 days in county jail but allowed her to purge herself of the contempt and sentence by paying the $6,250 arrearage on the first installment within fifteen days of the order. The wife appealed.
First, the wife argues the trial court erred in failing to follow Florida Rule of Criminal Procedure 3.840 as required by Good v. Good, 463 So.2d 456 (Fla. 2d DCA 1985). Her contention is without merit. Unlike the contempt order in Good, the order here provided that the wife could purge herself of the entire contempt and jail sentence by paying the $6,250 arrearage. Since she was not required to serve any time in jail, this contempt proceeding was civil in nature. Thus, Rule 3,840 does not apply.
Second, the wife contends the court's order is defective because it fails to *270 include an express written finding that she had the present ability to pay the purge amount. She is correct.
The final judgment of dissolution directing the wife to pay lump-sum alimony created a presumption that the wife, as the defaulting party, had the ability to pay. Bowen v. Bowen, 471 So.2d 1274, 1280 (Fla. 1985). The wife had the burden to come forward with evidence to dispel the presumption that she had the ability to pay and wilfully disobeyed the court order. Id. Since the contempt hearing was not recorded, we must presume that she failed to meet this burden. Thus, we cannot say the trial court abused its discretion in finding her in contempt. However, the trial judge erred in failing to separately find that the wife had the present ability to pay the purge amount before imposing the 179 day jail sentence as required in a civil contempt proceeding. Id.
Accordingly, we affirm the finding of contempt. We vacate the purge amount and the imposition of 179 days in county jail in lieu of paying that amount. We remand for an evidentiary hearing on the wife's present ability to pay the purge amount and direct the trial court to make a specific written finding on that ability. See, e.g., Tuten v. Tuten, 495 So.2d 270, (Fla. 2d DCA 1986) Our opinion is without prejudice to the wife's renewing her motion for modification of the terms of payment in lump-sum alimony as to any payments accruing after November 25, 1985, the date of the filing of her petition.
FRANK and HALL, JJ., concur.