PER CURIAM.
By these consolidated appeals we are requested to review several contempt orders and an order issuing a writ of bodily attachment. These orders arise out of a matrimonial dispute and, among the issues therein is the paternity of the minor child. The husband has indicated that once paternity is determined, he might not be so difficult.[1]
*656 The husband is a substantial real estate investor. He conceded a net worth of a million dollars and there was other evidence that his net worth was substantially in excess of this. His income for the first six months of 1986 was in excess of a million dollars. He has the demonstrated ability to make substantial loans. Three of the properties developed or invested in by the husband were placed in the wife’s name. After the dissolution proceedings began, the husband by his own admission became “difficult.” He refused to supply support, or maintenance for the wife or child, or to make the necessary mortgage and other upkeep payments on the properties titled in the wife’s name.
In June of 1986 the trial judge conducted a five-hour hearing resulting in a finding of present ability to pay on the part of the husband and he adjudicated an award of temporary alimony, temporary support, attorney’s fees and a requirement that the husband bring the payments on the properties titled in the wife’s name current. The husband failed to abide by this order and an emergency motion for contempt was filed July 9, 1986, a supplemental motion for contempt was filed July 11, 1986, a motion for contempt was filed August 5, 1986 and an emergency supplemental motion for contempt was filed August 25, 1986. The trial court conducted a hearing on the several motions on September 9, 1986, found no change in circumstances, adjudicated the husband in contempt, sentenced him to thirty days in jail and gave him the opportunity to purge himself by the payment of all sums then due.
Because of the failure of the husband to obey any of the orders of the court, counsel for the wife moved for a writ of bodily attachment, which the trial court, after hearing on October 27, 1986, issued on November 12th.
From the original order of contempt, the husband took both a non-final and a final appeal. He thereafter filed a notice of appeal from the order on the motion for issuance of the writ of bodily attachment. The appeals were consolidated for all appellate purposes and heard together. We affirm.
No appeal was taken from the June 30, 1986 order which awarded the original temporary support, maintenance, etc., and which contained the finding of present ability to pay. No pleadings were tendered which raised any change in circumstances that would have warranted the trial judge altering his original finding of present ability to pay, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Queener v. Queener, 495 So.2d 269 (Fla. 2d DCA 1986), and therefore we find no error in the contempt order of September. Because there were continuing maturing obligations on the properties involved, the trial court apparently without objection in the record, established a procedure whereby the parties by affidavit could establish the total amount that had accrued. The trial court took this total amount into consideration when it entered the writ of bodily attachment and we find no error in this regard. Compare Barfield v. Barfield, 472 So.2d 820 (Fla. 3d DCA 1985).
It is also apparent that this matter is being conducted in a very acrimonious atmosphere in the trial court with the parties “at war” with each other and permeating the entire matter is the husband’s admitted difficulty due to the issue of the paternity of the minor child.
It is apparent from this record the husband is a man of substantial means. The fact that he may be “cash poor”, of course, does not justify failure to support a wife and child or comply with the court orders when the party ordered to do so has substantial assets. Compare Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985); East v. East, 351 So.2d 1060 (Fla. 4th DCA *657 1977); Friedly v. Friedly, 303 So.2d 50 (Fla. 2d DCA 1974).
We urge the trial court, if it has not already done so, to make an early determination on the paternity issue, which may then facilitate a better atmosphere in the trial court and contribute to an early termination of that matter. However, we find no error in any regard in the actions that the trial court has taken in this matter which is presently under review and therefore the contempt order and the order for writ of bodily attachment be and the same are hereby affirmed.
Affirmed.

. The transcript reveals the following:
“Q. Mr. Wright, you are denying that you are the parent of the child, are you not?
*656 A. Yes, Sir.
******
MR. WRIGHT: What about this hearing? The blood test, Judge, it would change my attitude.
******
MR. WRIGHT: A week from Tuesday, blood test. That would highly affect my thinking. That will highly affect my attitude.”