522 So.2d 477 (1988)
Wayne Barden KNOWLES, Appellant,
v.
Jerry June KNOWLES, Appellee.
No. 87-1405.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
*478 Edward E. Hedstom, Palatka, for appellant.
No appearance for appellee.
COWART, Judge.
This case involves civil contempt and "present ability" to pay support.
When the parties' marriage was dissolved on August 15, 1986, and at all times since, appellant husband was disabled by a heart condition and received $302.40 per month social security disability income. He was ordered to pay the wife $75.00 per month rehabilitative alimony for 24 months but failed to do so. At an enforcement hearing in January, 1987, the husband was given the opportunity to show cause why he should not be held in contempt of court; the husband presented evidence that he had suffered another heart attack which caused his disability to worsen and, being unable to work, could not pay the $750.00 alimony arrearage. The trial court continued the case for one month to give the husband an opportunity to show his "good faith" by making the next scheduled monthly payment, warning that if the husband failed, he would be held in contempt. At the hearing one month later, the husband testified that although he had received his $306.00 social security check just three days before the hearing, he could not, or would not, pay the $75.00 (plus costs) payment. The husband was held in willful contempt and ordered incarcerated for 30 days subject to being permitted to purge himself at any time by paying the $75.00 plus costs. He appeals. We affirm.
*479 The husband first contends that the trial court erred in holding him in contempt of court, as he was unable to pay either the monthly alimony payments, or the arrearages, due to his post-dissolution heart attack. It is generally accepted law that a person cannot be held in contempt for failure to pay money as ordered unless the court makes a finding that the defendant has the present ability to pay and willfully refuses to do so. It is also generally accepted that a person who has been ordered by the court to pay money and who has had the ability to pay but who thereafter has intentionally divested himself of that ability with intent to avoid payment of the money as ordered can also be held in contempt of court. See Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976). These rules were reaffirmed in Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). There, the court also held that a prior judgment establishing the amount of alimony or support to be paid creates a presumption that the defaulting party has the ability to pay that amount. Id. at 1280.
Under Bowen, the final judgment in this case created a presumption that the husband has the ability to pay the wife $75 per month in rehabilitative alimony. The burden then shifted to the husband to demonstrate that, due to circumstances beyond his control which intervened since the final judgment of dissolution was entered, he no longer has the ability to make these payments. This the husband was unable to demonstrate. The record indicates that the husband's income, composed solely of his monthly social security payments, is exactly the same as when the final judgment of dissolution was entered and before the husband suffered his post-dissolution heart attack.[1] Therefore, the trial court did not err in finding the husband to be in contempt.
The husband also contends that the trial judge erred in ordering him incarcerated. He relies upon language from Bowen to the effect that if incarceration for civil contempt is deemed appropriate, the court must make a "separate, affirmative finding that the contemner possesses the present ability to comply with the purge conditions set forth in the contempt order." Id. at 1279. The problem in this case is that the trial court's finding of present ability was stated in the alternative with language indicating a finding that the husband did have the ability but willfully divested himself of that ability.[2] The husband urges that this fails to make the unqualified finding of "present ability" required by Bowen.
The appellant is somewhat correct. To incarcerate a person for civil contempt for failure to pay money as ordered, a court must not only provide for a purge condition but must also find that the person has the ability to purge himself of civil contempt. Even a person who has willfully or negligently divested himself of the ability to pay money as ordered cannot be incarcerated for civil contempt because he then does not have the ability to purge himself.[3] Therefore, the alternative language in the trial court's order is inappropriate, inapplicable, and should not be there. Nevertheless, because the record in this case so clearly shows that the appellant had the present ability to pay the $75.00 and costs in question, yet willfully refused to do so, we disregard the improper alternative language in the trial court's finding in this case but urge its omission in civil contempt proceedings. The Order of *480 Contempt, including the Order of Incarceration, is therefore
AFFIRMED.
COBB and DANIEL, JJ., concur.
NOTES
[1] The husband's new financial affidavit, submitted at this hearing, shows that while he remarried after the dissolution, his financial position remained approximately the same as it was at the time of the dissolution.
[2] The contempt order states that:

The Court finds that Respondent [husband] has the present ability to pay and willfully refuses to do so (or previously had the ability to pay but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the Orders of the Court); ...
[3] A person who willfully disables himself to obey a court order to pay money in order to frustrate the intent of the court order can be held in criminal contempt for such willful act. A purge provision is not a necessary condition for incarceration for criminal contempt. However, criminal contempt requires a special procedure (See Fla.R.Crim.P. 3.830 and 3.840), and it is obvious that this case involves civil contempt and not criminal contempt.