ZEHMER, Judge.
William Lacy Register appeals an order finding him in contempt of court for failing to comply with a provision of the final judgment that required him to pay child support. He contends that the trial court improperly used incarceration as a means of punishing him for his failure to pay child support when he did not have the financial ability to purge himself of the contempt.
It is now well established law in this state that a judgment directing a party to pay child support creates, for purposes of subsequent proceedings, a presumption of the ability to pay. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). In a civil contempt proceeding to enforce that judgment, the moving party has the burden of showing that a prior court order directed the party moved against to pay child support and that the latter party failed to make the ordered payments. Id. at 1278. Once the movant has made this showing, the burden of producing evidence shifts to the defaulting party,
who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no *1163 longer has the ability to meet his support obligations.
Id. at 1279. See also Knowles v. Knowles, 522 So.2d 477 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla.1988). The record on appeal does not contain evidence sufficient to show that appellant carried his burden, and therefore we find no error in the trial court’s order.
AFFIRMED.
JOANOS and MINER, JJ., concur.