PER CURIAM.
We reverse to the extent that we find the order of the trial court defective-to wit: adjudicating the former wife to be in civil contempt. See Knowles v. Knowles, 522 So.2d 477 (Fla. 5th DCA); rev. denied, 531 So.2d 1354 (Fla.1988). The order contains an alternative finding that the wife either has the ability to comply with a prior order, or that she divested herself of the ability to comply in order to avoid compliance or to frustrate the court’s purpose. In Knowles, the court held that an alternative finding of willful divestiture of ability to pay may be appropriate in a criminal contempt proceeding, but not in a civil contempt proceeding. The Knowles court found the alternative finding involved therein to be harmless error, because the record reflected that the offending party clearly had the ability to pay the $75.00 in question. Here, we have a limited record and cannot say that it clearly reflects an ability to comply. Hence, unlike Knowles we cannot find the error harmless.
Accordingly, we reverse and remand the contempt order without prejudice to further contempt proceedings in accord with the appropriate rules of civil or criminal procedure. Such proceedings should include an evidentiary hearing. We affirm in all other respects.
ANSTEAD and STONE, JJ., and FENNELLY, JOHN E., Associate Judge, concur.