PER CURIAM.
Patricia Polli appeals an order denying her motion to hold her former husband in contempt for failure to pay court-ordered child support. We reverse.
Polli, the parent with primary physical custody of the parties’ two minor children, petitioned the court to hold the children’s father, George Vina, in contempt for failing to pay $14,800 in past-due child support. She alleged that the nonpayment was willful in that Vina is a C.P.A. who earns $70,000 a year, spends freely, and takes expensive European vacations. At the hearing on the contempt motion, Vina failed to present any evidence of circumstances beyond his control, which occurred after the entry of the payment order, to explain his failure to make the court-ordered support payments.
An order directing a party to pay child support creates, for the purpose of a subsequent proceeding, a presumption of an ability to pay. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Register v. Pita, 546 So.2d 1162 (Fla. 1st DCA 1989); Queener v. Queener, 495 So.2d 269 (Fla. 2d DCA 1986). In a civil contempt proceeding brought to enforce a child-support order, the movant must first show that the payor has defaulted. The burden then shifts to the payor to rebut the presumption by demonstrating that, due to circumstances beyond the payor’s control which intervened since the time the original order was entered, he or she no longer has the ability to meet the support obligation. Bowen, 471 So.2d at 1279; Connolly v. Connolly, 543 *56 So.2d 356 (Fla. 2d DCA 1989); Margulies v. Margulies, 528 So.2d 957 (Fla. 3d DCA 1988).
All that was shown by Mr. Vina is that he had reduced his working hours. Voluntary unemployment or voluntarily reduced employment, without cause or necessity, which reduces the ability to pay court-ordered child support, is not a legal excuse for nonpayment. Because the father in this case failed to present any competent evidence to dispel the presumption of an ability to pay, he should have been found in contempt. See Register, 546 So.2d at 1162; Wright v. Wright, 507 So.2d 655 (Fla. 3d DCA 1987).
Reversed and remanded for further consistent proceedings.