559 So.2d 675 (1990)
William Scott RUSSELL, Jr., Appellant,
v.
Mary Trammell RUSSELL, Appellee.
No. 89-2197.
District Court of Appeal of Florida, Third District.
April 3, 1990.
*676 William H. Benton, III, Miami, for appellant.
Talbot W. Trammell, Coral Gables, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Appellant William Scott Russell, Jr. appeals an order adjudicating him in civil contempt for failure to pay $12,187.50 in alimony and child support and imposing 120 days incarceration with a provision allowing him to purge the contempt by paying the entire amount due by a date certain. Russell does not dispute that he owes the stated amount. He contends, however, that he is unable to pay through no fault of his own, and that he does not have the present ability to pay the purge amount of $12,187.50. As it appears the trial court applied the wrong legal standard, we reverse and remand for a new hearing.
At the hearing below, the trial court gave consideration to the fact that, after a similar prior contempt order, Russell had purged himself of contempt by payment of approximately $20,000. Russell testified, however, that the $20,000 amount was obtained entirely from his relatives and was not paid from his own resources. He testified that additional loans or gifts from that source would not be forthcoming on this occasion. That testimony was uncontradicted.
The Florida Supreme Court has established that "the purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court." Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985) (emphasis in original). Where incarceration is under consideration as a possible remedy for a civil contempt, there must be "a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order." Id. at 1279. In making that determination the court may look to all of the contemnor's assets from which the amount might be obtained. Id.
In the present case it appears the trial court based its finding of present ability to pay, and possibly the finding of contempt, on the theory that Russell could obtain another loan or gift from his relatives. Under Bowen the inquiry must be directed to the contemnor's own assets, not those of his relatives. There must, therefore, be a new hearing.
We note that the contempt order contains language which suggests the trial court may have concluded that Russell had divested himself of assets.[*] That may be *677 no more than an ambiguity in drafting, because the trial court also made a separate finding of present ability to pay.
Since there will be further proceedings on remand, we note that Bowen envisions a two-stage inquiry in a civil contempt proceeding. The first issue is whether the respondent has willfully violated the court order. Id. at 1278-79. The second issue is the proper remedy. Id. at 1279.
An intentional divestiture of assets with intent to avoid the payment obligation can be a ground for civil contempt. Knowles v. Knowles, 522 So.2d 477, 479 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988); cf. Polli v. Vina, 557 So.2d 55 (Fla. 3d DCA 1989) (voluntary reduction in earnings). Where the contemnor is without assets the remedy for civil contempt is limited to non-incarceration options, such as those mentioned in Bowen, 471 So.2d at 1279. Where there has been a divestiture of assets incarceration cannot be selected as the remedy because the contemnor does not have the present ability to purge himself. Id. at 1278-79; Scapin v. Scapin, 553 So.2d 319, 320 (Fla. 1st DCA 1989); Paulk v. Braxton, 15 F.L.W. D535 (Fla. 1st DCA Feb. 26, 1990); Knowles, 522 So.2d at 479; Moskowitz v. Moskowitz, 549 So.2d 781 (Fla. 4th DCA 1989); Queener v. Queener, 495 So.2d 269, 270 (Fla. 2d DCA 1986). If the court concludes that the respondent has willfully divested himself of the ability to pay, then that conduct may be punished by incarceration or otherwise in a criminal contempt proceeding with the attendant due process safeguards. Bowen, 471 So.2d at 1279; Paulk, 15 F.L.W. at D536; Moskowitz, 549 So.2d at 781; Knowles, 522 So.2d at 479 & n. 3.
For the reasons stated we reverse the order under review and remand for a new hearing.
NOTES
[*] The trial court's contempt order stated, in part, that

Respondent has not sustained his burden of proving that he is not only unable to comply with the Court's present Order to pay alimony and child support but also that his present inability is due not to his fault or neglect, but rather to circumstances beyond his control which intervened since the Final Judgment, as amended... .
(emphasis added).