565 So.2d 836 (1990)
William Lawrence (Larry) LeNEVE, Petitioner,
v.
Nick NAVARRO, Sheriff of Broward County, Respondent.
No. 90-1747.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
*837 William Lawrence LeNeve, Fort Lauderdale, pro se.
Renee LeNeve, Fort Lauderdale, pro se.
PER CURIAM.
The trial court found petitioner in civil contempt for failure to pay child support and alimony and directed that he be incarcerated for 120 days absent payment of a purge amount of $5,060.00. Petitioner now contends that the order was improper because no evidence was presented that petitioner has the present ability to pay the purge amount. We agree.
In Bowen v. Bowen, 471 So.2d 1274, 1277-78 (Fla. 1985), the supreme court held that incarceration cannot be imposed upon a civil contemnor who lacks the ability to pay the purge amount, and expressly receded from any language in Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976), which could be construed to state otherwise. See also Knowles v. Knowles, 522 So.2d 477, 479 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (Fla. 1988), where the court stated:
To incarcerate a person for civil contempt for failure to pay money as ordered, a court must not only provide for a purge condition but must also find that the person has the ability to purge himself of civil contempt. Even a person who has willfully or negligently divested himself of the ability to pay money as ordered cannot be incarcerated for civil contempt because he then does not have the ability to purge himself.
(Emphasis added).
The trial court in the instant case found that petitioner has the present ability to pay the purge amount because: (1) petitioner failed to make any support payments since May 1989, (2) petitioner is self-employed with little income, (3) petitioner is being supported by friends and family, and (4) petitioner is a licensed real estate broker. In our view, these four findings do not establish that petitioner has the ability to immediately pay $5,060.00. Furthermore, H.R.S. presented no evidence at the hearing below which indicated that petitioner has the present ability or assets to pay $5,060.00. On the contrary, petitioner testified that for the past year and a half he has been attempting to develop a business but has not earned any income, that he has been living in the home of a former business associate, that he eats most of his meals at his parents' home, that he had to borrow a car to drive to the hearing, and that he had no money with him.
During the hearing the trial court stated that petitioner had willfully failed to devote himself to employment that would enable him to pay the court-ordered support. Although this fact might support a finding of criminal contempt, it does not justify a conclusion that petitioner has the present ability to pay the purge amount. As noted in Bowen, 471 So.2d at 1277, and Knowles, 522 So.2d at 479, n. 3, a person who willfully disables himself to obey a court order to pay money can be held in criminal contempt of court, and a purge provision is not a necessary condition for incarceration for criminal contempt. However, criminal contempt, unlike civil contempt, is punitive in nature and therefore requires a special procedure which gives potential criminal contemnors the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings. See Aaron v. State, 284 So.2d 673 (Fla. 1973); Fla.R.Crim.P. 3.830, 3.840. As stated in Bowen:

*838 the purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court. Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor's "key to his cell."
471 So.2d at 1277 (emphasis original).
In the instant case, there was no evidence presented below which supports a finding that petitioner holds the "key to his cell." Accordingly, the petition for writ of habeas corpus is granted, and the petitioner ordered discharged from custody, although without prejudice to the commencement of any appropriate criminal contempt proceeding, see Sarron v. Crawford, 464 So.2d 644 (Fla. 3d DCA 1985), or further civil contempt proceedings.
ANSTEAD, GUNTHER and POLEN, JJ., concur.