PER CURIAM.
We grant the habeas petition on the authority of Moskowitz v. Moskowitz, 549 So.2d 781 (Fla. 4th DCA 1989), which is directly on point. In this case, as in Mos-kowitz, the form order used by the court had two boxes to check. The order states that “( ) the Respondent has the ability to comply with previous order(s) of this court and refuses to do so or ( ) had the ability to comply with but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of said order.” The first phrase is a finding of civil contempt, but the second sentence is a finding of indirect criminal contempt. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). If faced with criminal contempt, a defendant is entitled to the same due process protections as are afforded defendants in more typical criminal proceedings. Bowen at 1277. Here, the judge checked both boxes, but the record does not reveal that the petitioner was afforded the constitutional protections required for a criminal prosecution. In addition, the record does not show substantial competent evidence that the petitioner had the present ability to pay the nearly $8,500 purge amount. The order adjudicating contempt states “arrears have increased since last hearing. Nothing paid since 7/88. Self-employed for a while 1988 and put $6,000 in business.” Thus, the findings of fact do not relate to present ability but a possible past ability which has now been divested and cannot support an order of civil contempt under Bowen.
We direct that the petitioner be released from custody forthwith. This is without prejudice to further contempt proceedings brought by the Support Enforcement Division or Joy Vick in accordance with the appropriate rules of civil or criminal procedure.
GUNTHER, WARNER and GARRETT, JJ., concur.