599 So.2d 682 (1992)
Jose L. PEREZ, Appellant,
v.
Carolyn A. PEREZ, Appellee.
No. 91-2934.
District Court of Appeal of Florida, Third District.
May 5, 1992.
*683 David M. Shenkman and B. Douglas Hind-Marsh, for appellant.
Cary Kogen Mitchell, for appellee.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
Jose L. Perez appeals a post-dissolution of marriage order adjudicating him in civil contempt for failure to pay $8,100 attorney's fees and costs incurred by his exspouse and imposing 30 days incarceration with a provision allowing him to purge the contempt by paying the entire amount due by a date certain. Perez does not dispute that he owes that amount. However, he contends that, through no fault of his own, he does not have the present ability to pay the purge amount.
The purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court. Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla. 1985). Where incarceration is under consideration as a possible remedy for a civil contempt, there must be "a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order." Id. at 1279. While making that determination, the court may look to all of the contemnor's assets from which the amount might be obtained. Id. See Russell v. Russell, 559 So.2d 675 (Fla. 3d DCA 1990).
In the present case, it appears the trial court based its finding of present ability to pay, and the finding of contempt, on the general master's outrageous theory that Perez could obtain a loan from his relatives. The findings of the general master, upon whose report the trial court relied, stated in part:
6. The General Master finds that the Respondent/Husband has the superior ability to pay the Petitioner/Wife's attorney's fees and costs as the testimony showed that he can readily borrow the funds from relatives
... .
It is clear that under Bowen, the instant inquiry must be directed to the contemnor's own assets, not those of his relatives. Thus, there must be a new hearing. Russell, 559 So.2d at 676. As noted in Russell, the Bowen case envisions a two-stage inquiry in civil contempt proceedings: first, a determination of whether the respondent has willfully violated the court order, id. at 1278-79; second, the decision as to what remedy is appropriate. Id. at 1279.
In the instant case, testimony was taken which may have supported the theory that Perez had purposefully transferred certain assets to his father, who was also his employer. If, in actuality, Perez is vested with the actual resources with which to purge the contempt order, the remedy of incarceration may be ordered. Scapin v. Scapin, 553 So.2d 319 (Fla. 1st DCA 1989). Otherwise, as to the order of civil contempt, the court is limited to such non-incarceration options as payroll deductions and similar alternatives as outlined in Bowen, 471 So.2d at 1279. See Russell, 559 So.2d at 677, citing Knowles v. Knowles, 522 So.2d 477, 479 (Fla. 5th DCA), review denied, 531 So.2d 1354 (Fla. 1988). Willful disobedience of an order of the court through the intentional divestiture of assets may be punished by incarceration in a criminal contempt proceeding with the attendant due process safeguards, Bowen, 471 So.2d at 1279; Russell, 559 So.2d at 677, and this option is still open to the trial court. However, in the instant civil proceeding, if, upon remand, the trial court determines that the contemnor does not, himself, presently have the funds to meet the court's order, incarceration cannot be ordered.
Accordingly, we reverse the order under review and remand for further proceedings consistent with Bowen.