643 So.2d 706 (1994)
Brian J. GALLIGHER, Appellant,
v.
Barbara GALLIGHER, Appellee.
No. 94-1333.
District Court of Appeal of Florida, Fourth District.
October 19, 1994.
John P. Shevock of John P. Shevock, P.A., Fort Lauderdale, for appellant.
Lewis R. Druss of Lewis R. Druss, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
Former husband appeals from two non-final orders, both finding the appellant to be in contempt of court for failure to pay child support. The trial court found appellant in indirect civil contempt and directed that he be incarcerated in the county jail for ten days unless he satisfied a purge amount of $784.62. We affirm the contempt order of May 6, 1994. However, we reverse the trial court's commitment order of May 16, 1994, directing incarceration of the appellant. Although the trial court has made an apparent factual finding as to his present ability to pay, a review of the record fails to reveal any evidence to support such a finding.
In the instant case, the record does show that the husband apparently had made timely payments from March, 1993 until April 24, 1994. He was involuntarily terminated from his job in October, 1993. However, despite the fact that he was unemployed, the record shows that the husband did not suspend support payments until April, 1994. He apparently *707 had the ability to pay only because of his severance pay, which ended in April, 1994.
In LeNeve v. Navarro, 565 So.2d 836 (Fla. 4th DCA 1990), we held, consistent with Bowen v. Bowen, 471 So.2d 1274, 1277-78 (Fla. 1985), that incarceration cannot be imposed upon a civil contemnor who lacks the present ability to pay the purge amount. In addition, in Knowles v. Knowles, 522 So.2d 477 (Fla. 5th DCA), rev. denied, 531 So.2d 1354 (1988), the fifth district stated that even a person who has willfully or negligently divested himself of the ability to pay money as ordered cannot be incarcerated for civil contempt when he does not then have the ability to purge himself. As stated in Bowen, "without the present ability to pay from some available asset, the contemnor holds no key to the jailhouse door." 471 So.2d at 1277 (emphasis added).
In the instant case, the husband previously had the ability to pay, but divested himself of it in order to start a new business. The court seemed skeptical as to whether the husband's actions were actually designed to frustrate the intent and purpose of the order. However, whether or not the court attaches credence to the husband's explanation is irrelevant to the matter before us since the fact remains that the husband lacks present ability to pay.
As we stated in LeNeve, because, in a civil contempt proceeding, incarceration is utilized for the sole purpose of obtaining compliance, it must be used only when the contemnor has the ability to comply, since this ability to comply is the contemnor's "key to his cell." 565 So.2d at 838. Thus, in the instant case, since there is no evidence that appellant has a present ability to pay, we hereby affirm the order of May 6, 1994, and reverse the order of May 16, 1994.
The stay orders entered by this court on May 17, 1994, and May 25, 1994, are hereby lifted, and the cause is remanded for further proceedings consistent with this opinion.
GLICKSTEIN and FARMER, JJ., concur.