PARIENTE, Judge.
The former husband appeals an order finding him in civil contempt for failure to pay the former wife’s appellate attorney’s fees of $9,399.30 and ordering him incarcerated if he should fail to comply. We reverse the trial court’s contempt order because the record does not support a finding that the eontem-nor possessed the present ability to comply with the purge conditions and because inaccurate representations to the trial court may have influenced the trial court’s decision to hold the former husband in contempt.
The former husband appeared pro se at a hearing on the motion for contempt. He testified that he lacked the ability to pay the appellate attorney’s fees because the IRS had conducted a forced sale of the family business, and a substantial amount of back taxes remained even after the sale of the assets. He denied that he had any available assets from which to pay the attorney’s fees, stating that he still owed his own attorney $10,000 and his ex-wife’s trial attorney $2,500. He testified that after he met his present child support obligations out of his weekly wages, he had a net income of approximately $350 on which to support himself and his new family.
The former wife presented no contrary evidence on the issue of present ability to pay; the former wife’s attorney argued that incarceration for civil contempt was appropriate because he had not been paid and there had been two previous determinations that the former husband had the ability to pay the appellate attorney’s fees. The trial court specifically asked the former wife’s attorney whether there had been a “finding of fact of the ability to pay,” to which the attorney responded that “[a]ll the appropriate findings of fact [were] made by the appellate court ... and by yourself at our hearing.”
The former wife’s attorney asserted that at the time the trial court set the amount of the appellate attorney’s fee — more than five months previously — the trial court had determined that the former husband had the ability to pay the fees. He further represented that this court had determined the former husband’s ability to pay when we granted the motion for appellate attorney’s fees.
As pointed out by counsel for appellant, neither representation is accurate. Our court, in granting appellate attorney’s fees, remanded the ease to the trial court for a determination of entitlement and the amount to be awarded. Apparently, the former wife’s attorney misinterpreted the import of our remand, assuming that we had already determined ability to pay in conjunction with our granting of fees.[1]
Not only did our court never make a determination of present ability to pay, but the trial court never made a separate determination of ability to pay at the time it awarded appellate attorney’s fees. At the hearing on attorney’s fees, the trial court apparently deferred the determination of present ability to pay. When the former wife’s attorney asked the trial court to set a date for the appellate attorney’s fees to be paid, the trial court responded:
that may get into the issue of ability to pay. If he doesn’t pay, of course, I can *315 hold him in contempt of court, but I can’t hold anybody in contempt of court unless there’s an ability to pay.
(Emphasis supplied). The final judgment awarding appellate attorney’s fees also contains no finding of ability to pay.[2]
Because the previous order assessing attorney’s fees did not contain an affirmative finding of ability to pay, it created no presumption of ability to pay. See Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985). Even if the previous order created such a presumption, this would have then shifted the burden to the former husband to dispel the presumption by demonstrating that due to intervening circumstances, he no longer had the ability to pay. See id. The former husband did just that when he informed the trial court about the forced sale of the family business and that significant debts remained; the former wife did not introduce evidence to the contrary. Furthermore, a finding of ability to pay and willful failure to pay is merely a predicate to a finding of civil contempt.
Even if there had been a previous determination of ability to pay made in conjunction with the award of appellate attorney’s fees, Bowen requires a separate affirmative finding of present ability to comply with the purge conditions before a trial court can order incarceration for civil contempt. Id. at 1279. Without the present ability to comply with the purge conditions, “the con-temnor holds no key to the jailhouse door,” id. at 1277, and incarceration is an impermissible alternative for civil contempt.
Although the contempt order contains a finding of present ability to pay, a review of the record fails to reveal substantial, competent evidence to support such a finding. See Galligher v. Galligher, 643 So.2d 706 (Fla. 4th DCA 1994); LeNeve v. Navarro, 665 So.2d 836 (Fla. 4th DCA 1990). The trial court’s decision may have also been the product of an erroneous belief, fostered by the former wife’s attorney, that the trial court had previously determined that the former husband had the ability to pay and that no additional evidence was necessary to incarcerate the former husband for civil contempt.
For these reasons, we reverse and remand for further proceedings consistent with this opinion.
WARNER, J., concurs.
GUNTHER, C.J., dissents without opinion.

. It is generally not the practice of our court to make determinations of ability to pay. When we grant a motion for attorney's fees and remand for entitlement in dissolution cases, the remand is for a determination of a party's ability to pay the fees and the other party’s need for the fees.

. Because appellant never appealed the trial court's order awarding appellate attorney’s fees, he cannot now challenge the amount of fees against him. However, this does not preclude him from challenging in this appeal the order finding him in contempt on the basis that there was no evidence to support the trial court’s finding of present ability to comply with the purge conditions.