PER CURIAM.
As there was competent substantial evidence to support the trial court’s conclusion that it would not be in the parties’ minor child’s best interests to have any visitation or direct contact with the former husband, a designated sexual predator who is currently serving a thirty year prison sentence with the Florida Department of Corrections in four separate sexual battery/kidnaping cases involving minors, we conclude that the trial court’s denial of the former husband’s petition for modification of final judgment and order on motion to amend judgment was not an abuse of discretion. See Young v. Hector, 740 So.2d *1142 1153, 1158 (Fla. 3d DCA 1999); see also Ward v. Dibble, 683 So.2d 666, 668 (Fla. 5th DCA 1996) (trial court has discretion to determine whether visitation is in child’s best interest and such determination will not be disturbed if it is supported by substantial competent evidence).
Affirmed.