799 So.2d 256 (2001)
Joseph A. GIALLANZA, Appellant,
v.
DEPARTMENT OF REVENUE on Behalf of Vivian E. GIALLANZA, Appellee.
No. 2D99-4540.
District Court of Appeal of Florida, Second District.
August 17, 2001.
Rehearing Denied October 4, 2001.
*257 Joseph A. Giallanza, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, MONTEREY, (Senior) Judge.
Joseph A. Giallanza (the former husband) challenges the trial court's order of March 11, 1999, finding him in civil contempt and ordering his incarceration for failure to pay child support. Because we find errors that are apparent from the face of the contempt order, we reverse those portions of the disputed order which require the former husband's incarceration for civil contempt and the transfer of property.
The support enforcement hearing officer's recommended order not only ordered the husband to be incarcerated for failure to pay previously ordered child support, but also required the former husband to relinquish his ownership in property he jointly owned with the former wife. The recommended order stated as follows:
X. Respondent shall immediately sign a quitclaim deed to property jointly held with the petitioner with the approximate value of $40,000.00. Upon signing said quitclaim, petitioner shall credit respondent's arrears for child support $20,000.00. Should respondent fail to voluntarily quitclaim said property, this order shall act as such and said property shall be deemed quitclaimed by operation of the law and all rights respondent may have in said property shall immediately be vested in the petitioner. In addition, should respondent fail to sign quitclaim within 10 days of this order, a writ of bodily attachment shall issue without further hearing.
The trial court ratified and approved the hearing officer's order, which contained no findings of fact but merely stated that it was:
ORDERED AND ADJUDGED THAT:
1. THE RESPONDENT is in willful contempt of the Court for failure to pay support pursuant to previous order of this court. The Respondent has the ability to pay as previously ordered or had an ability at the time the payments accrued.
The final judgment of dissolution directing the former husband to pay child support created a presumption that the former husband had the ability to pay. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). The former husband had the burden to come forward with evidence to dispel the presumption that he had the ability to pay. The record does not contain a transcript of the proceedings before the hearing officer. We do not know whether the lack of a transcript is a fault of the parties or the hearing officer's failure to establish a record as required by Florida Family Law Rule 12.491(e)(2). Because the contempt hearing was not recorded, we must presume that the former husband failed to meet his burden to dispel the presumption that he had the ability to pay. Queener v. Queener, 495 So.2d 269 (Fla. 2d DCA 1986). Therefore, we affirm the trial *258 court's finding of contempt. However, the trial court's order is deficient in that it fails to include an express written finding that the former husband had the present ability to pay the purge. Id. at 269-70.
The purpose of a civil contempt proceeding is to enforce compliance with a previous support order. Bowen at 1277. Thus, incarceration may only be imposed when the contemnor has the ability to comply. Incarceration is improper absent a specific finding of a present ability to pay the amount ordered to purge the contempt. Brown v. Smith, 705 So.2d 682 (Fla. 4th DCA 1998). The portion of the order which the husband challenges here stated merely that the husband "has the ability to pay as previously ordered or had an ability to pay at the time the payments accrued." (Emphasis supplied). Such an alternative to a specific finding of a present ability to pay is insufficient to support an order of incarceration for civil contempt. In addition, the trial court lacked the authority to compel, as a condition of a purge, the former husband to execute a quitclaim deed to unspecified property and to provide that, absent execution of such a quitclaim deed, the trial court's order would operate as a conveyance of the property.
Accordingly, we reverse the portions of the order imposing the sentence of incarceration and requiring the transfer of property and remand for further proceedings. On remand, the hearing officer must set forth findings of fact in the recommended order as required by Florida Family Law Rule 12.491(e)(4).
Reversed and remanded.
FULMER, A.C.J., and STRINGER, J., Concur.