GREEN, J.
The former husband appeals a final judgment for dissolution of marriage, as well as a post-decretal order granting the former wife’s motion for enforcement of final judgment and judgment of contempt and sanctions. For the reasons which follow, we affirm the final judgment for dissolution of marriage in all respects and reverse, in part, the order granting the former wife’s motion for enforcement of final judgment and judgment of contempt and sanctions.
The parties were married in Key West, Monroe County, Florida, on February 11, 1995, and one child was born of their marriage. During the course of the three year period that they lived together as a married couple, the parties moved numerous times as a result of the former husband’s constant change of employment.[1] Their last residence together was in Cromwell, Connecticut, where they resided for three months.
In April 1998, the former wife and the minor child left Connecticut and returned to Key West, where the former wife commenced this dissolution proceeding. At or about the same time, the former husband left Connecticut for a job in Baton Rouge, Louisiana, where he also commenced a dissolution action. During the dissolution proceedings in this case, the former husband left Louisiana, dismissed his dissolution action, and moved to Pensacola, Florida. By the time of the final dissolution hearing, the former husband had relocated to Fort Walton Beach, Florida. After the entry of the final judgment, the former husband moved to Atlanta, Georgia.
At the conclusion of the final dissolution hearing, the trial court entered a final judgment. Specifically, the lower court granted dissolution and awarded primary custody of the minor child to the former wife, with visitation rights to the former husband.[2] The court also ordered the former husband to pay monthly child support in the sum of $938.18, payable through the Clerk of Court by an income deduction order to the former husband’s employer. In addition, he was ordered to pay child support arrearages in the amount of $9,942.33 which had accrued during the pendency of dissolution proceedings. This arrearage plus interest was also payable through the Clerk of Court in installments of $187.62 per month.
*1202 As for the equitable distribution of the marital assets, the trial court found that the parties had no significant assets except for some household furnishings and appliances worth approximately $2300, and a diamond engagement ring of an unknown value. The trial court awarded all household furnishings and appliances to the former husband and ordered him to turn over the diamond engagement ring to the former wife as complete equitable distribution. The trial court found the marital debts to be undeterminable and not subject to equitable distribution.
Finally, the trial court ordered the former husband to pay 100% of the former wife’s reasonable attorney’s fees and costs, totaling $15,057.80. He was obligated to pay these fees in installment payments at the rate of $500 per month, together with interest, until the amount was paid in full.
After entry of the final judgment of dissolution, the trial court heard the former wife’s motions for enforcement of final judgment, and judgment of contempt and sanctions for the former husband’s nonpayment of child support and attorney’s fees, as well as his failure to return the ring. As a result of that hearing, wherein the former husband admitted to noncompliance with his court ordered obligations, the court noted that no evidence or testimony had been offered by the former husband to show that he lacked the ability to pay all of the delinquent obligations as they had become due and owing. Therefore, the lower court ordered that the outstanding child support and attorney’s fee arrearage be automatically deducted from his salary. By separate amended income deduction order, the court directed the former husband’s employer to deduct the lesser of $2,483.32 or 55% of the monthly net income from the former husband’s salary, until the delinquent obligations with interest were paid. For failing to return the diamond engagement ring to the former wife, as ordered for equitable distribution, the lower court ordered the former husband incarcerated for ten days. The order, however, included the proviso that he could avoid incarceration by furnishing the court with proof of shipping/mailing of the ring to the former wife or her counsel within 72 hours of the hearing.
The former husband appeals both the final judgment of dissolution and the order granting the former wife’s motion for enforcement of final judgment, and judgment of contempt and sanctions. Pursuant to his request, we consolidated the two appeals. In addition, we have stayed that portion of the post-decretal order requiring his incarceration for failure to return the ring, pending our review.
As his first challenge to the final judgment of dissolution, the former husband argues that the trial court lacked jurisdiction over his person. As such, he maintains that all economic awards made to the former wife, including child support, equitable distribution, and attorney’s fees, both temporary and permanent, must be reversed. We disagree, but do not reach the merits of his arguments based upon our conclusion that he affirmatively waived this defense in accordance with Babcock v. Whatmore, 707 So.2d 702 (Fla.1998), when he sought affirmative relief in this dissolution action. Upon being served with the petition for dissolution of marriage in 1999, the former husband did file timely his motion for dismissal for lack of jurisdiction, along with an affidavit in support thereof. After the trial court denied the motion, however, the former husband answered the former wife’s petition wherein he sought (1) a counter petition for dissolution of marriage; (2) a ruling designating him to be the primary residential parent of the minor child; and (3) child support from the former wife. This affirmative relief *1203 sought by the former husband is inconsistent with his initial defense of lack of personal jurisdiction. In accordance with Babcock, a defendant who goes beyond defensive matters and seeks affirmative relief, waives a previously asserted objection to the in personam jurisdiction of the court. 707 So.2d at 704.
The former husband next asserts on this appeal that the former wife failed to establish subject matter jurisdiction by failing to show her continuous residency in Monroe County, Florida, for more than six months preceding the filing her petition for dissolution of marriage. This argument is without merit as the record affirmatively reveals that the former wife’s mother corroborated that the former wife and minor child had continuously resided with her in Florida for approximately one year.[3] This corroborative testimony by a third party was sufficient to satisfy the residency requirements set forth in section 61.021, Florida Statutes (1997). See Fernandez v. Fernandez, 648 So.2d 712 (Fla.1995).
As his third challenge to the final judgment of dissolution, the former husband argues that the trial court should have declined to take jurisdiction over custody/visitation issues pursuant to section 61.1318, Florida Statute (1997),[4] where the former wife absconded with the child from Connecticut to Key West without his knowledge or consent. The former wife’s testimony below, however, was that when she and the parties’ minor child left Connecticut, the former husband was well aware of the fact that they were not returning, and once she and the minor child arrived in Key West, he fully acquiesced in the child’s relocation. The trial court, as the trier of fact, did not find that the former wife absconded with the child to Florida without the former husband’s knowledge and consent.[5] Since there is substantial competent evidence, we, therefore, have no basis or jurisdiction to make a contrary finding. See Young v. Hector, 740 So.2d 1153 (Fla. 3d DCA 1998); see also R.T.F. v. R.P.F., 744 So.2d 1141 (Fla. 3d DCA 1999).
As for the former husband’s remaining challenges to the custodial and/or visitation arrangements and equitable distribution, we find no abuse of discretion, as the court’s findings are all supported by competent substantial evidence. In re D.J.W., 764 So.2d 825, 826 (Fla. 2d DCA 2000) (court may not substitute its judgment for that of trial court; trial court’s finding will be affirmed if supported by competent substantial evidence).
We therefore turn our attention to the post-decretal order granting the former wife’s motion for enforcement of final judgment and judgment of contempt and sanctions. The husband contested this motion below and on this appeal primarily on the grounds that the trial court lacked jurisdiction over his person to enter mone *1204 tary awards against him or to equitably distribute the parties’ assets. For the reasons earlier stated, we find no merit to this argument. The former husband additionally asserts and we agree that the portion of the order holding him in contempt for failure to return the ring to the former wife must be reversed. The record before us does not affirmatively reflect and the trial court made a finding that the ring is in the possession or control of the former husband. In the absence of a finding that the former husband has the present ability to return the ring to the former wife, the contempt order cannot stand. See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985) (stating that: “the purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to an order of the court. Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply.”). See also Giallanza v. Dept. of Revenue, 2001 WL 930229, *1 (Fla. 2d DCA Aug.17, 2001) (trial court could not order that ex-husband be incarcerated for contempt absent express written finding that ex-husband had present ability to pay amount ordered to purge contempt). We therefore remand for further proceedings on this issue.
Accordingly, we affirm the final judgment of dissolution of marriage in all respects. We also affirm the order granting former wife’s motion for enforcement of final judgment, but reverse the portion requiring the incarceration of the former husband for his failure to return the ring to the former wife and remand for further proceedings consistent with this opinion.
Affirmed in part. Reversed in part and remanded.

. After their marriage in Key West, the parties lived in Miami for six months from February 1995 to August 1995; Jackson, Mississippi from August 1995 to February 1996; Hollywood, Florida for approximately one year; North Carolina from February 1997 to January 1998; and Cromwell, Connecticut from January 1998 until April 1998.

. Prior to the child reaching school age, the former husband was given 2-week visits with the child every third month. In the event that the former husband relocated to an area making weekend visitation feasible, he would additionally be entitled to every-other-weekend visits with the child. Once the child reached school age, the parties were ordered to share the child’s Christmas, Thanksgiving and Spring holidays equally and the former husband was to have the child for a continuous, uninterrupted summer visit commencing one week after school ends and ending two weeks prior to the start of school.

. The former wife’s mother, Ms. Sheldon's testimony in this regard was as follows:
Q. How long did Donna and Alissa live with you? You testified from when she arrived in March or April of '98, is that right?
A. Right until about probably about beginning of April.
Q. So just about a year?
A. Correct.

. That statute allows a court to decline jurisdiction where a petitioner for an initial decree has wrongfully taken a child from another state or has engaged in similar other reprehensible conduct.

.Given the fact that the former husband simultaneously relocated to Louisiana and immediately commenced a dissolution action there, the trial court could have found the former husband’s claim that he did not know that the former wife and child would not be returning to Connecticut to be incredulous to say the least.