PER CURIAM.
Francisco Del Campo petitions for a writ of habeas corpus. The petitioner-former husband has failed to pay child support since 2000, and has incurred substantial child support arrearages. He is incarcerated pursuant to a civil contempt order which contains a purge provision of $6,000. He has been incarcerated since May 29, 2002.
The general master’s recommended order concluded that the petitioner’s car and camera equipment were worth $6,000. The record does not reveal how the general master came to that conclusion on valuation, but the question is academic. The petitioner’s car was towed away after his arrest on the writ of bodily attachment, and the car and contents were ultimately sold by the towing company to pay storage charges. Thus, the intended source of payment of child support is no longer available.
Since the present record does not reflect the existence of any other assets from which the petitioner might obtain the funds to pay the purge amount, it follows that the petition for writ of habeas corpus must be granted. See Clark v. Manning, 721 So.2d 793 (Fla. 3d DCA 1998); Perez v. Perez, 599 So.2d 682 (Fla. 3d DCA 1992); Russell v. Russell, 559 So.2d 675 (Fla. 3d DCA 1990), and cases cited therein. The petitioner must be released from custody forthwith.
This ruling is without prejudice to the conducting of further contempt proceedings. In addition, as the general master explained to the petitioner, he is obligated to keep a current address on file with the child support registry and promptly report any change of address.
This opinion is effective immediately, and will not be delayed by the filing of any *260 motion for rehearing or other post-decision motion.
Petition granted.