LaROSE, Judge.
John Ted Patrick, the former husband, appeals the trial court’s nonfinal order holding him in civil contempt for failing to satisfy certain financial obligations contained in a marital settlement agreement. The trial court reserved jurisdiction to enforce its order and to impose sanctions, including incarceration. Dr. Patrick also appeals the trial court’s award of attorney’s fees to the former wife, Toni Ann Patrick.
Dr. Patrick did not receive adequate notice detailing the procedures and potential consequences surrounding the former wife’s contempt motion. Additionally, the trial court failed to make the factual findings required by Florida Rule of Family Law Procedure 12.615, including those regarding Dr. Patrick’s ability to pay the financial obligations or the attorney’s fees. Consequently, we vacate the order of contempt.
Rule 12.615 details the procedure that the trial court must follow before holding a person in civil contempt. The rule mandates the findings that the trial court must make and requires the order of contempt to recite the facts on which the trial court bases its findings. Fla. Fam. L.R.P. 12.615(d)(1); Bresch v. Henderson, 761 So.2d 449, 450-51 (Fla. 2d DCA 2000).
Here, the required procedures were not followed and the factual findings were inadequate. Initially, we note that the notice was insufficient to apprise Dr. Patrick of the severe consequences attending a finding of contempt. See Bresch, 761 So.2d at 451 (holding that fundamental fairness requires adequate notice to alleged contemnor of potential consequences). Further, despite a finding that Dr. Patrick lived in a home valued at three million dollars, the contempt order contains no written findings that Dr. Patrick, in fact, had the present ability to pay attorney’s fees or the amounts that may be due under the marital settlement agreement. See Giallanza v. Dep’t of Revenue ex rel. Giallanza, 799 So.2d 256, 258 (Fla. 2d DCA 2001). These deficiencies require us to vacate the order of contempt. See Bresch, 761 So.2d at 451.
Vacated and remanded for further proceedings.
CANADY and VILLANTI, JJ., Concur.