DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHEN TRESSEL,**
Appellant,

v.

**LUCIA GATTA,**
Appellee.

No. 4D14-3048

[May 13, 2015]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith, Judge; L.T. Case No. 213DR009852NB.

Bruce S. Rosenwater of Bruce S. Rosenwater & Associates, P.A., West Palm Beach, for appellant.

John T. Christiansen, Jr. of Law Offices of John T. Christiansen, P.L., West Palm Beach, for appellee.

PER CURIAM.

We affirm the order denying the former husband's motion for contempt against the former wife for failure to pay his award of temporary attorney's fees. Although the trial court at one point in the proceedings erroneously appeared to place the burden of proving an ability to pay on the husband, the husband did not object to the court's statements. We also interpret those statements, not as requiring the husband to prove ability to pay but to identify a source from which the wife could pay a contempt order. Moreover, the wife presented evidence of her inability to pay the purge amount, which was the entire amount of the temporary award, and this evidence was accepted and relied on by the trial court in denying the motion for contempt. Thus, based upon the court's findings and determinations of credibility, the wife satisfied her burden of overcoming the presumption of ability to pay. *See Bowen v. Bowen,* 471 So. 2d 1274, 1278-79 (Fla. 1985); *see also Perez v. Perez,* 599 So. 2d 682, 683 (Fla. 3d DCA 2007). The fact that the court did not find the evidence sufficient to warrant contempt, however, does not preclude other relief. Our affirmance, therefore, is without prejudice to the husband securing a

judgment in his favor for the unpaid temporary award in the final judgment of dissolution, or alternatively, by the filing of an amended motion for contempt requesting a purge amount within the wife's present ability to pay.

*Affirmed.*

WARNER, GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***