PER CURIAM.
This appeal is brought from an order denying a Motion for Contempt and Judgment for Arrears.
Once the movant in a civil contempt proceeding for failure to pay child support or alimony shows that the party who was directed to make such payments by a prior court order has defaulted, the defaulting party has the burden of dispelling “the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations.” Bowen v. Bowen, 471 So.2d 1274, 1278-79 (Fla.1985). At a hearing on the ex-wife’s motion for contempt the ex-husband failed to show an inability to comply with the final judgment requiring him to pay rehabilitative alimony and attorney’s fees to the ex-wife. In fact, events after entry of the final judgment show that the ex-husband has an increased ability to comply based on a substantial pay increase.
The cause is reversed and remanded with instructions to the trial court to proceed on the ex-wife’s motion for contempt.