571 So.2d 555 (1990)
Thomas CAMPBELL, Appellant,
v.
Lizabeth CAMPBELL, Appellee.
No. 90-0530.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Peter J. Snyder, Boca Raton, for appellant.
Evelyn M. Merchant of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
Thomas Campbell appeals an order finding him in civil contempt. He was required to make a $2500 purge payment towards the support arrearages within a time certain or face incarceration. The trial court found that appellant had willfully "reduced his ability to pay court-ordered child support and alimony. This is not a legal excuse for nonpayment."
While this is a correct statement of the law, it does not establish the necessary predicate for incarceration. As explained in Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985): "If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order."
Appellant's evidence comes woefully short of meeting the burden imposed upon *556 him to rebut the presumption that he has the ability to comply with the court's order. Thus we affirm the first point on appeal. However, a finding that appellant has willfully divested himself of the ability to pay is not a sufficient substitute for a finding of present ability to pay as a predicate for the imposition of incarceration as a sanction. The rationale for this rule is explained by the Bowen court: "Because incarceration [for civil contempt] is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor's `key to his cell'." Id. at 1277. This does not rule out the imposition of other sanctions (including criminal contempt under appropriate circumstances) or utilization of collection procedures against appellant's assets.
For the reasons stated, we reverse that portion of the order dealing with incarceration. Otherwise, we affirm and remand for further appropriate proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LETTS and POLEN, JJ., concur.