574 So.2d 279 (1991)
Raymond LAING, Appellant,
v.
Valerie LAING, Appellee.
No. 90-2703.
District Court of Appeal of Florida, Third District.
February 12, 1991.
Guy W. Turner, Coral Gables, for appellant.
Melvin A. Rubin, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
COPE, Judge.
Raymond Laing, the former husband, appeals a civil contempt order for failure to pay child support. We reverse.
The former husband was ordered to pay child support pursuant to a 1980 divorce decree. Insofar as pertinent here, in 1987 he was adjudged to have a substantial arrearage. He was held in civil contempt and ordered to be incarcerated, with the proviso that he could purge the contempt by paying $52,232.[1] He left the jurisdiction, having neither paid the purge amount nor reported for incarceration.
In 1990 the former husband was located and incarcerated pursuant to the 1987 order. *280 Relying on Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), and Gibson v. Bennett, 561 So.2d 565 (Fla. 1990), the former husband moved for relief from the $52,232 purge amount, arguing that he did not have the present ability to pay that amount.[2] He contended that where incarceration is to be imposed for civil contempt, there must be a present ability to pay the purge amount. Bowen, 471 So.2d at 1278. The former husband acknowledged that he bore the burden to rebut the presumption that he has the present ability to pay where, as here, a previous court order so found. Id.; see Ecott v. Ecott, 509 So.2d 388 (Fla. 3d DCA 1987).
At the hearing below, the trial court took the position that the 1987 order was res judicata on the issue of present ability to pay  including present ability to pay in 1990. On that basis the trial court made a finding that the former husband has the present ability to pay the $52,232 purge amount.
At the former wife's request, the trial court calculated all arrearages through the date of the 1990 hearing. The court did so, assessing a higher total arrearage and entering a new contempt order.[3] Relying on the 1987 order, the 1990 order set $52,232 as the purge amount. Based on the 1987 order, the 1990 order contains the finding that the former husband has the present ability to pay the $52,232 purge amount. In its rulings on the issue of present ability to pay, the court erred.
Florida law draws a sharp distinction between incarceration for civil contempt, the purpose of which is to obtain compliance with a court order, and incarceration for criminal contempt, the purpose of which is to punish the contemnor. See Bowen v. Bowen, 471 So.2d at 1277. Because incarceration for civil contempt "is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor's `key to his cell.'" Id. at 1277 (citation omitted); see also Campbell v. Campbell, 571 So.2d 555 (Fla. 4th DCA 1990).
At the time the former husband was arrested in 1990, the 1987 contempt order was outstanding and the purge provision had not been complied with. That being so, the incarceration provision of the 1987 order provided the basis for holding the former husband in custody. However, under Bowen, the former husband was entitled to a hearing on his motion for relief from the purge amount, based on the assertion that he did not have the present ability (in 1990) to pay the $52,232. While the prior order is presumptively correct, see id. at 1278, the former husband may present evidence to support his contention. We emphasize that in such a hearing the burden of going forward and the burden of persuasion rest with the former husband to demonstrate entitlement to relief. The former husband cannot rest on a mere conclusory assertion that he cannot pay. Instead, the former husband must make a particularized showing that, although he was previously found to be able to pay the purge amount, he does not have that ability at the present time. He must make a particularized showing of the changes in his financial position since the date of the last order, as well as a particularized showing of his present income and assets. See Russell v. Russell, 559 So.2d 675, 676 (Fla. 3d DCA 1990). The trial court must then make a finding of present ability to pay the purge amount. If there is an inability to pay the previously established purge amount, then the court should reset the purge conditions to those which the former husband has the present ability to perform, with findings accordingly. In the present case the trial court was obliged to afford the former husband an opportunity to present evidence on the issue and should have made a finding of present ability to pay on the basis of the 1990 record. The trial court erred by *281 treating the 1987 finding as res judicata in the 1990 proceeding.[4]
We emphasize that while the foregoing procedure applies in civil contempt proceedings, the trial court also has at its disposal the remedy of criminal contempt "to vindicate the authority of the court or to punish for an intentional violation of an order of the court." Bowen, 471 So.2d at 1277 (citations omitted). The remedies are not mutually exclusive. Where, for example, the contemnor absconded, or had the ability to pay but willfully divested himself of assets so as to produce a present inability to pay, such conduct can be punished through criminal contempt proceedings. The only issue presented by the present appeal involves incarceration for civil contempt.
We reverse the order under review and remand with directions to conduct an evidentiary hearing with respect to the purge amount.
NOTES
[1] The purge amount represented just over one-half of the 1987 arrearage. In 1987, the arrearage totaled $55,033 in unpaid child support and $44,731.94 in unpaid costs associated with the marital home. The trial court set the purge amount at $52,232, which was to go toward the entire amount owed on the marital home and approximately $7,500 of the child support arrearage.
[2] The former husband testified that he did have certain property which he could and would convey to the former wife, but that he could not pay the purge amount. See Gibson v. Bennett, 561 So.2d 565, 571 n. 4 (Fla. 1990).
[3] When the trial court recalculated the arrearages through October, 1990, the amount totaled $162,450, including the 1987 arrearage.
[4] Once the former wife asked the trial court to determine the arrearages from 1987 to 1990, that constituted a new motion for contempt as to which Bowen was squarely applicable. As to that portion of the proceeding, Bowen required an independent determination of present ability to pay the purge amount as of 1990, regardless of the treatment of the 1987 order.