591 So.2d 1080 (1991)
Jacqueline M. COMPAGNONI, Appellant,
v.
Luciano COMPAGNONI, Appellee.
No. 91-1614.
District Court of Appeal of Florida, Third District.
December 31, 1991.
Rehearing Denied February 4, 1992.
*1081 Robert Ader, Miami, Allison Doliner Hockman, Coral Gables, for appellant.
Luis Ernesto Rivera-Montalvo, Miami, for appellee.
Before HUBBART, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Jacqueline Compagnoni appeals from a final judgment of dissolution of marriage. For the following reasons, we reverse in part and remand for further proceedings.
The husband and wife were married in 1975 in Pennsylvania; they divorced in Pennsylvania in 1980 when the wife was two months pregnant. The parties reconciled six months later, resumed living together in Pennsylvania without remarrying, and had two more children.
The husband was transferred by his company to Florida in March, 1987. The wife and their three children joined him in Florida in August, 1987. On December 28, 1987, the parties were married in Dade County.
When the wife moved to Florida, she relinquished her seniority status as a reservations agent with U.S. Air. With senior status, she had been earning $12 per hour, which amounted to $30,000 per year. The wife has been unemployed since giving birth to the youngest child in September, 1987; she has one year of college education and has not been able to secure employment. The husband's income for the years 1987, 1988, and 1989 was $230,000, $250,000, and $315,000, respectively; his income is now substantially lower.
The wife filed a dissolution action in Dade County in June, 1990, two and one half years after the parties' Florida marriage. The trial court denied the wife alimony and distributed the marital assets based upon a two and one half year marriage, even though the wife had pled for equitable distribution based upon the parties' ten-year relationship that began when they reconciled in Pennsylvania and ended when the wife filed for dissolution in Dade County. When calculating the parties' income to determine child support, the trial court imputed to the wife a yearly income of $30,000 based upon her former salary when she had enjoyed senior status at U.S. Air. Based on the wife's imputed income, the trial court ordered the wife, who has custody of the three children, to contribute 31% of the monthly child support. The trial court determined that the marital home was solely owned by the husband; the wife was ordered to vacate the home by July 1, 1991.[1]
We reverse those portions of the final judgment that determine and distribute the marital assets based upon a two and one half year marriage. Although Florida does not recognize common law marriages entered into after 1968,[2] "Florida will respect a common law marriage when entered into in a state which recognizes common law marriages." Anderson v. Anderson, 577 So.2d 658, 660 (Fla. 1st DCA 1991); Johnson v. Lincoln Square Properties, Inc., 571 So.2d 541, 542 (Fla. 2d DCA 1990) (full faith and credit given to *1082 other state's law where that law not repugnant to interest of Florida; Florida "has traditionally approved of the sanctity of marriage"). Pennsylvania recognizes common law marriages. DeMedio v. DeMedio, 215 Pa.Super. 255, 257 A.2d 290 (1969); 23 Pa. Cons. Stat. Ann. § 1103 (1990 & Supp. 1991); see also Globe Secs. Sys. Co. v. Workmen's Compensation Appeal Board, 518 Pa. 544, 544 A.2d 953 (1988) (because parties continued to live together after divorce and held themselves out as husband and wife, they were effectively remarried under common law principles).
Upon remand the trial court shall redetermine, based upon the parties' ten-year marriage, what assets are marital assets and what liabilities are joint, and distribute them accordingly.[3] In light of our holding today, the trial court may also wish to revisit its denial of periodic or rehabilitative alimony to the wife.
The trial court further erred in imputing to the wife a yearly income of $30,000. There is no evidence in the record to support a finding that the wife has a current ability to earn that sum.
Accordingly, we reverse in part and remand for further proceedings consistent with this opinion.
NOTES
[1] This court granted a stay of the final judgment.
[2] § 741.211, Fla. Stat. (1989).
[3] On remand, the trial court shall reconsider the disposition of the marital home, which was purchased during the ten-year marriage. See Santanonchai v. Santanonchai, 522 So.2d 1030 (Fla. 3d DCA 1988) (trial court should have awarded wife exclusive use and posession of marital home until children, who were in wife's custody, reached age of majority); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980) (exclusive use and possession of marital home by custodial parent until child reaches majority proper incident of child support), rev. dismissed, 399 So.2d 1142 (Fla. 1981).