COPE, Judge.
Luciano Compagnoni appeals an order of civil contempt for failure to pay child support. We reverse.
The order under review finds that there is a $4,068 child support arrearage. The order imposes 60 days’ incarceration, which may be purged by paying $4,068 forthwith. The order contains no other findings.
The former husband correctly contends that the order under review is deficient under Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). In particular, the order omits two essential findings: (1) that the former husband willfully violated the child support order, and (2) that the former husband has the present ability to comply with the purge conditions in the contempt order. See id. at 1278-79; Ugarte v. Ugarte, 608 So.2d 838, 841 (Fla. 3d DCA 1992), cause dismissed, 617 So.2d 322 (1993); Laing v. Laing, 574 So.2d 279 (Fla. 3d DCA 1991); Russell v. Russell, 559 So.2d 675, 676-77 (Fla. 3d DCA 1990).
As to the first issue, the husband contends that through a change of circumstances subsequent to the entry of the final judgment, he no longer has the financial ability to pay the court ordered amount of child support. He says that he promptly filed a motion for modification, which has yet to be heard. The husband contends *451 that he did not willfully disobey the final judgment, because through no fault of his own he does not have the ability to pay the ordered amount. The- former wife contends that the husband voluntarily switched from a high-paying job to a low-paying job; that he had the ability to pay but is voluntarily underemployed; and that he also has other assets from which the child support amount could be paid. See Bowen v. Bowen, 471 So.2d at 1279.
As stated in Bowen:
In a civil contempt proceeding for failure to pay child support or alimony, the mov-ant must show that a prior court order directed the party to pay the support or alimony, and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations. The court must then evaluate the evidence to determine whether it is sufficient to justify a finding that the defaulting party has willfully violated the court order.
Id. at 1278-79.[1] Under Bowen, evidence must be taken on the point, and appropriate findings must be made. Id.; see ligarte v. ligarte, 608 So.2d at 841; Laing v. Laing, 574 So.2d at 280; Russell v. Russell, 559 So.2d at 676-77; The Florida Bar, Florida Proceedings After Dissolution of Marriage §§ 3.10-.11, 3.15-.16, 3.17, 3.23 (2d ed. 1991, 1993).
As to the second issue, if the trial court deems incarceration to be appropriate in an effort to compel compliance with the court’s order,
the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order. In determining whether the contemnor possesses the ability to pay the purge amount, the trial court is not limited to the amount of cash immediately available to the contemnor; rather, the court may look to all assets from which the amount might be obtained.
Bowen v. Bowen, 471 So.2d at 1279 (emphasis in original); see also ligarte v. ligarte, 608 So.2d 838; Laing v. Laing, 574 So.2d at 280; Russell v. Russell, 559 So.2d at 676-77; The Florida Bar, Proceedings After Dissolution of Marriage §§ 3.10, 3.18, 3.23.
In the present case there is no separate affirmative finding that the former husband possesses the present ability to comply with the purge conditions. Further, the order must also contain a reasonable period of time within which the former husband may purge himself of contempt.[2]
*452 We remand for further proceedings accordingly.
The former husband complains that he filed a motion for modification of child support promptly upon obtaining his current employment and that he has been unable to obtain a hearing on the motion. The former wife says that this occurred because of a dispute between the parties as to whether the motion should be heard by the predecessor or successor judge. The former husband contends that the trial court declined to entertain the motion for modification until completion of proceedings on remand from this court’s opinion in Compagnoni v. Compagnoni, 591 So.2d 1080 (Fla. 3d DCA 1991), review denied, 601 So.2d 551 (Fla.1992). The modification should be taken up promptly. In our view it would not interfere with this court’s mandate in any way for the court to entertain the motion for modification and the matter should be resolved at an early date.
We reverse the contempt order and remand for a new hearing and findings in accordance with Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). We intimate no view of the merits of the motion for contempt and motion for modification.
Reversed and remanded.

. Effective July 1, 1992, section 61.14, Florida Statutes (Supp.1992) provides, in part:
(5) When a court of competent jurisdiction enters an order for the payment of alimony or child support or both, the court shall make a finding of the obligor’s imputed or actual present ability to comply with the order. If the obligor subsequently fails to pay alimony or support and a contempt hearing is held, the original order of the court creates a presumption that the obligor has the present ability to pay the alimony or support and to purge himself from the contempt. At the contempt hearing, the obligor shall have the burden of proof to show that he lacks the ability to purge himself from the contempt. This presumption is adopted as a presumption under s. 90.302(2) to implement the public policy of this state that children shall be maintained from the resources of their parents and as provided for in s. 409.2551, and that spouses be maintained as provided for in s. 61.08.
The court shall state in its order the reasons for granting or denying the contempt.
As the final judgment in this case was entered prior to July 1, 1992, and does not contain the express finding of present ability to comply, the statutory provision is not applicable to this case.
On the question whether the statute modifies Bowen, compare Laing v. Laing, 574 So.2d at 280, with The Florida Bar, Florida Proceedings After Dissolution of Marriage § 3.10 (2d ed. 1991, 1993).

. In addition to determining that the contemnor has the ability to pay the purge amount, the order must also provide a reasonable time period within which to comply with the purge conditions. The order in the present case required compliance forthwith. While there may be exceptional cases in which the contemnor has the present ability to comply with the purge conditions forthwith, there is no showing that this is such a case.