PER CURIAM.
In September 1992, Annette Arena and Jack Herman entered into an agreement to settle their interests in the corporation, USA Knitting Mills. Their arrangement provided in part, that Arena would pay Herman $100,-000. That deal failed and in July 1993 the trial court entered an order on a new agreed settlement. . Under the July 1993 order, rather than pay cash, Arena would return enumerated pieces of equipment. Herman moved to enforce that order in May 1994, wherein he averred Arena had not returned a number of the listed items. Along with the order’s enforcement, Herman requested that *211 the court hold Arena in civil contempt for her failure to abide by the order.
In November 1994, pursuant to Herman’s motion, the trial court ordered Arena to provide Herman with written descriptions of each item not returned, as well as the location of her properties. The court instructed Arena to allow Herman to inspect her properties to locate the disputed items. The court’s order provided that an evidentiary hearing would be held to determine damages in the event there were items Herman could not find. The judge reserved ruling on Herman’s request for civil contempt sanctions.
At the evidentiary hearing thereafter held, the court found that Arena had care, custody, and control of the missing items. After hearing testimony as to the lost items’ valuation, the court entered a judgment of $50,760 in Herman’s favor. In October 1995, the court entered its final order and a judgment of contempt. It found Arena had willfully failed to obey the July 1993 order and imposed a fine of $50,760 against Arena or in the alternative imprisonment. The order provided Arena could purge the contempt by paying the judgment.
First, Arena argues that the trial court erred in the value it placed on the unreturned items. We affirm that determination. The trial judge found the testimony of Herman and the office worker who testified on his behalf to be more credible than that of Arena. Furthermore, as Herman argued, the trial judge may have concluded that Herman’s inability to produce exact evidence of the equipment’s value was due in part to Arena having “locked out” Herman from obtaining the documents in her possession which described the property. See Austin v. Parker, 672 F.2d 508 (5th Cir.1982); Rynveld v. Dupuis, 39 F.2d 399 (5th Cir. 1930); C.W.B. Enters., Inc. v. K.A.T. Equip. Corp., 449 So.2d 354 (Fla. 3d DCA 1984).
Second, Arena argues that the trial judge erred in ordering Arena incarcerated should she fail to pay. As to this issue, we agree. The purpose of civil contempt proceedings is to obtain compliance on the part of a person subject to an order of the court and because incarceration is utilized solely to obtain compliance, it must be used only when the contemner has the ability to comply. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). In setting Arena’s purge provision, the trial judge made the amount of the judgment the value of the damages for the unreturned property, however, the court made no finding as to whether Arena had any assets available to her, which upon liquidation, could satisfy Herman’s judgment award. Because the judge made no determination of Arena’s present ability to purge herself of the jail sanction by payment, the order of incarceration must be reversed. Unless a court determines the contemner has the financial assets to “unlock the jailhouse door,” such a sanction is not fair. See Pugliese v. Pugliese, 347 So.2d 422 (Fla.1977); Fredericks v. Sturgis, 598 So.2d 94, 98 (Fla. 5th DCA 1992).
Accordingly, the trial court’s contempt order is quashed and remanded for further proceedings to determine Arena’s financial ability to purge herself of the jail sanction.