*794 ON MOTION FOR CLARIFICATION GRANTED
SORONDO, J.
We grant petitioner’s motion for clarification, -withdraw our previous opinion and substitute it with the following:
Upon the state’s proper confession of error we grant the Petition for Writ of Habeas Corpus.
On July 2, 1998, a hearing was conducted in this case before a general master. The state was represented, the petitioner was not. The state began its presentation by reviewing the history of the case and the petitioner’s long history of civil contempt citations for failure to pay child support. Most significant to the disposition of this case, the state advised the general master that the petitioner had, at one point in time, posted a five-hundred dollar bond on a writ of bodily attachment; that in 1993 he had paid a purge amount of one-thousand five-hundred dollars on a civil contempt citation, and that in 1997 he had paid a five-hundred dollar purge amount on another civil contempt citation.
The petitioner testified under oath that he was not prepared to proceed with the hearing as he had only been notified of it the day before. More significantly he advised the court that he had not had gainful employment since April 4, 1998. He indicated that on April 4th he had earned forty dollars. Since that time he had been living at his grandparents’ house, caring for them in return for room and board. He further testified that they would occasionally give him five or ten dollars. At the time of the hearing petitioner had two or three dollars in his pocket which were to be used for bus fare home. Finally, the record contains a financial affidavit indicating that he had no income, assets or liabilities other than child support.
During cross-examination of the petitioner, the state sought to establish that petitioner had, in fact, paid prior purge amounts. Petitioner explained that on two of those occasions he had been employed and therefore had the money to pay. On the third occasion his wife had secured a loan and paid the purge amount for him. In summation, the state argued that because the petitioner had paid these purge amounts in the past, the court should not believe his present claims of inability to pay.
Based on this presentation the general master concluded as follows:
Basically the information I have before me, and having listened to the father, I — I really don’t find to be credible at all.
In any event, this Court finds the ability to be able to impute [income] to him, because he is, even by his own testimony, assuming I believe that, which I don’t, he is basically working full time for relatives. Receiving room and board and spending money. At which point, I feel I can impute income to him.
On the other hand, because I don’t really believe that, I believe he has to be at this point in time, based on the history of this case, working at some type of occupation or another. And, therefore I also feel he has the ability to pay. He has certainly done nothing to disprove the presumption that he has the ability to pay in this case.
The petitioner was then sentenced to serve sixty days in jail with a seven-hundred dollar purge amount. A judge ultimately accepted the general master’s recommendation.
The general master’s conclusions that petitioner was working full-time for relatives, and that income could be imputed to him was eiTor. In fact, this record is devoid of any evidence that affirmatively establishes that petitioner has any income or assets. It was therefore impossible to conclude that he had the present ability to pay the purge amount. See Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); see also Arena v. Herman, 675 So.2d 210, 211 (Fla. 3d DCA 1996). In this case the state established that the lower court had previously determined the petitioner to have the ability to pay the purge amount. Petitioner responded by presenting a sworn affidavit that he had no money or assets and additionally testified that he had not earned income for the previous five months. The state’s cross-examination of petitioner, although rich in sarcasm and disbelief, did not elicit any information which can be said to negate his repeated assertions that he had no income and no assets. We therefore conclude that the petitioner’s unrebutted affida *795 vit and sworn testimony were sufficient to establish his inability to pay the purge amount. In the absence of any additional evidence of an ability to pay the lower court was without authority to incarcerate him.[1]
We sympathize with the monumental frustration of those who labor in the child support enforcement division. The seemingly endless stream of parents who fail to properly support their- children is abhorrent. However, it is equally abhorrent to incarcerate a person for failing to pay a court ordered purge amount, entered upon a finding of civil contempt, which the person is incapable of paying because of a lack of financial resources. The Supreme Court of Florida has identified some examples of the enforcement alternatives available to trial judges in cases where the contemnor does not have the ability to purge himself of the contempt. Bowen, 471 So.2d at 1279. Many years ago, Florida abandoned the concept of debtor’s prisons. The judiciary must ensure that the noble cause of enforcing child support obligations is not perverted in such a way as to resurrect that most repugnant of institutions.

. In Laing v. Laing, 574 So.2d 279, 280 (Fla. 3d DCA 1991), this Court stated that once the burden of proof has shifted to petitioner, a "mere conclusory assertion that he cannot pay,” will not suffice to dispel the presumption. Accordingly, the petitioner here “must make a particularized showing that, although he was previously found to be able to pay the purge amount, he does not have that ability at the present time. He must make a particularized showing of the changes in his financial position since the date of the last order, as well as a particularized showing of his present income and assets." Id. The petitioner’s testimony and affidavit in this case satisfied these requirements.