ROTHENBERG, J.
Creative Choice Homes, II, Ltd. (“Creative Choice”), the defendant below, appeals an order finding Creative Choice in contempt and imposing sanctions for its failure to file a fact information sheet (“FIS”) as the court ordered in the final judgment. Based on the facts of the case and the nature of the sanctions, we find that the trial court abused its discretion and accordingly reverse the contempt order and remand with instructions.
Keystone Guard Services, Inc. (“Keystone”), the plaintiff below, was awarded a $312,725.50 final judgment in March 2009. The final judgment required Creative Choice to file a completed FIS, Florida Rules of Civil Procedure Form 1.977(b), which requires the disclosure of various financial information to make the judgment more easily enforceable, within 45 days of the order. Some five months later, Creative Choice had not complied with the requirement to file its FIS. The trial court, upon Keystone’s ex parte motion, entered an order compelling Creative Choice to complete and file the FIS on August 27, 2013. The order compelling the completion of the FIS stated that Creative Choice must complete the FIS and deliver it to Keystone’s attorney within ten days of the order and warned that a failure to comply would result in Creative Choice being held in contempt of court.
Before the ten days had expired, Creative Choice filed a motion to stay execution of the final judgment and for relief from the order compelling production of the FIS, arguing that a pending related case filed by Creative Choice against Keystone would likely result in an offset in the judgment, and executing the judgment and completing the FIS at that juncture would *1146 be premature. Shortly thereafter, Keystone filed its motion for an order of contempt and for sanctions because the ten-day period in the order to compel completion of the FIS had expired. The trial court set both motions to be heard on September 17, 2013, but rescheduled the motions to be heard the following week because Creative Choice’s counsel had a conflict. On the morning of the rescheduled hearing, Creative Choice’s counsel got stuck in traffic on the way to the courthouse, and the trial court considered both motions with only Keystone’s counsel present. The trial court denied Creative Choice’s motion to stay and granted Keystone’s motion for sanctions.
The order imposing sanctions found that: (1) Creative Choice was in contempt of court; (2) Creative Choice would be fined $2,500 per day from the date of the order until it delivered the completed FIS to Keystone’s attorney and filed a notice of compliance with the trial court; (3) Creative Choice must pay $450 in attorney’s fees to cover Keystone’s costs on the contempt order; (4) Creative Choice must pay all attorney’s fees and fines imposed, as well as deliver the completed FIS to purge the contempt and stop the fines; and (5) if Creative Choice did not purge the contempt order within 30 days, a writ of bodily attachment would be issued for the principals of the company.
Creative Choice appeals the order granting Keystone’s motion for sanctions, arguing that the sanctions imposed, although civil in name, are criminal in nature and do not comply with the prerequisites necessary to impose criminal sanctions. Creative Choice also contends that even if the sanction is a civil sanction, the terms of this particular sanction fail to meet the requirements of law. Because the coercive civil sanction imposed by the trial court failed to meet the requirements of law, we reverse.
A contempt order imposing sanctions comes to this Court with a presumption of correctness and will only be overturned upon a showing that the trial court abused its discretion or departed from the essential requirements of law. Neiman v. Naseer, 31 So.3d 231, 233 (Fla. 4th DCA 2010). There are three types of sanctions a court may impose: (1) criminal sanctions, (2) compensatory civil sanctions, and (3) coercive civil sanctions. See Parisi v. Broward Cnty., 769 So.2d 359, 363 (Fla.2000). “[Determining whether the contempt proceedings are civil or criminal is critical to the court and to the parties because the nature of the contempt both determines the procedures for adjudication and sets the parameters for the sanctions that can be imposed.” Id. at 364. “The distinction between criminal and civil contempt often turns on the ‘character and purpose’ of the sanctions involved.” Id. (quoting Int’l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). The key distinction between criminal and civil contempt is that criminal contempt is punitive in nature and imposes an unavoidable sanction, whereas civil contempt is remedial or incentive-based and allows the contemnor to purge the contempt and avoid or reduce the sanction by complying with court orders. Id. at 365; see also Berlow v. Berlow, 21 So.3d 81, 83-84 (Fla. 3d DCA 2009).
The sanctions in this order are coercive and civil in nature, as the order is clearly intended to prompt Creative Choice to comply with the earlier order compelling production of the FIS and also contains a purge provision allowing Creative Choice to avoid future fines and incarceration by complying with the delineated terms. In addition to requiring the mandatory purge provision that is the hallmark *1147 of all civil sanctions, coercive civil sanctions in the form of a civil fine also require a consideration of the contemnor’s financial resources and ability to pay the fine assessed. Parisi, 769 So.2d at 366. A consideration of the contemnor’s financial situation is especially important where, as here, a failure to pay the assessed fine will result in incarceration.
The trial court, while apparently well-intentioned, abused its discretion by entering this sanction order because it gave Creative Choice no grace period in which to comply with the order before sanctions would be imposed and because it completely failed to consider Creative Choice’s financial resources. Although per diem fines are a perfectly acceptable coercive sanction, Parisi, 769 So.2d at 365, a contemnor must be given a reasonable opportunity to purge the contempt before such fines are imposed. See The Fla. Bar v. Forrester, 916 So.2d 647, 651 (Fla.2005) (“[T]he hallmark of civil contempt is a purge provision allowing the contemnor to avoid the sanction imposed by complying with the court order.”) (emphasis added); Berlow, 21 So.3d at 83 (“[The sanctions] must contain a purge provision that affords the contemnor the opportunity to avoid the sanction.”) (emphasis added) (quoting Lewis v. Nical of Palm Beach, Inc., 959 So.2d 745, 752 (Fla. 4th DCA 2007)). Assessing a fine the very day the contempt order is filed gives the contem-nor no ability to purge the contempt before such fines are levied, and becomes closer in nature to a criminal sanction by imposing the fine punitively for failing to follow court orders, rather than serving a coercive purpose by incentivizing compliant behavior.
In Compagnoni v. Compagnoni, 619 So.2d 450, 451 (Fla. 3d DCA 1993), this Court held that “the order must also contain a reasonable period of time within which the [contemnor] may purge himself of contempt.” While the Compagnoni Court recognized there may be an exceptional case in which the contemnor has the present ability to comply with the purge provision forthwith, there was no such showing in that case. Id. at 451 n. 2. Such a showing has not been made in this case either.
The trial court’s contempt order in the instant case gave Creative Choice no real opportunity to comply with the order before sanctions were imposed. Furthermore, Creative Choice had a pending motion for relief from the order compelling production of the FIS when the contempt order was entered. This was not a situation in which Creative Choice knew that it would be sanctioned if it did not comply; rather, Creative Choice made a good faith effort to explain why the sanction should not be imposed. When the trial court was unpersuaded by Creative Choice’s argument, it gave Creative Choice no reasonable opportunity to comply with the trial court’s order. We therefore find that the coercive civil fine that was assessed was improper.
The trial court also failed to make any findings or consider Creative Choice’s ability to pay the per diem fines, as is required under Florida law. Parisi, 769 So.2d at 366; see also Whitby v. Infinity Radio, Inc., 961 So.2d 349, 352-54 (Fla. 4th DCA 2007) (affirming a $100,000 sanction award because the trial court held an evidentiary hearing to determine whether the contemnor had the present ability to pay). While the trial court need not conduct an evidentiary hearing or make precise calculations in every case, Channel Components, Inc. v. Am. II Elees., Inc., 915 So.2d 1278, 1284 (Fla. 2d DCA 2005) (finding that “there is no requirement that the amount of a fine coincide with some strict element of proof of damages or loss *1148 es caused by the noncompliance”), there must be some indication in the record that the trial court considered the contemnor’s ability to comply with the sanction, especially when the payment of those assessments is necessary to avoid incarceration. Nothing in this record, however, evidences even the slightest consideration of Creative Choice’s present ability to comply with the per diem assessments. Thus, the sanctions order does not comply with the essential requirements of the law.
Because the trial court did not afford Creative Choice a reasonable time to purge its contempt before imposing sanctions, and because it did not consider Creative Choice’s present ability to pay those coercive sanctions, the trial court abused its discretion and departed from the essential requirements of the law by assessing the immediate per diem fines. The sanctions imposed do not meet the requirements for criminal sanctions, and cannot be supported as proper coercive civil sanctions. Accordingly, we reverse the order imposing sanctions and remand for the trial court to consider whether Creative Choice has fully complied with the order compelling production of the FIS and, if it has not, the trial court may sanction Creative Choice. If the trial court imposes a coercive civil sanction, the trial court’s order must contain a purge provision; the trial court must determine that Creative Choice has the present ability to pay the fine that will be levied if Creative Choice fails to purge its contempt; and the trial court must provide Creative Choice with a reasonable amount of time to purge its contempt before any sanction is imposed.
Reversed and remanded with instructions.