# Third District Court of Appeal

## State of Florida

Opinion filed February 11, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1122
Lower Tribunal No. 12-26981
_____


**Patrick Winton,**
Appellant,

vs.

**Candice Saffer,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Chantale L. Suttle and Holly A. Aliprandi, for appellant.

Hoffman, Larin & Agnetti, and John B. Agnetti, and Armand Murach, for appellee.


Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Patrick Winton appeals a final order finding him in contempt for failing to pay family support arrearages of $173,371.00, setting a purge amount of $38,800.00, and directing him to show cause why he should not be incarcerated if he failed to pay the purge amount on or before April 30, 2014. The order was entered following earlier proceedings in which jurisdiction over the parties' 2010 California dissolution of marriage action and support orders were recognized in the circuit court in Miami with the consent of the California court, and in which the Miami court subsequently granted the appellee/former wife's petition to relocate with the parties' children to Brazil.[1] The trial court conducted evidentiary hearings on the issues of non-payment and contempt before entering the order under review.

Although we find substantial, competent evidence to support the court's findings that the former husband failed to make support payments as required despite an apparent ability to do so, the record does not disclose the calculations and evidence establishing the commencement of the arrearages, the total unpaid balance, and the computation of the purge amount. As one example, the former wife's August 2013 motion for contempt and sanctions alleges that the former husband failed to pay $4,200.00 per month since July 2012 (the date of entry of the California judgment requiring such payments), paying "sporadically or not at all."

---

[1] The circuit court's 16-page final judgment on the relocation petition, which was not appealed, includes findings regarding the appellant's ability to pay expenses at a resort averaging $4,000 to $8,000 a month, while not paying $4,200 per month in support as ordered in the dissolution action.

The maximum arrearage for the 22 months from that date through the date of the order under review would be $92,400.00,[2] an amount considerably different than the $173,371.00 awarded in the order (and also different than the $151,616.00 verbally claimed by the former wife's counsel during the evidentiary hearings), and that $92,400.00 computation is without crediting any "sporadic" payments. A spreadsheet or written breakdown of the computations was not admitted into evidence and is not before us. The former husband testified that if he owed any amount it could not exceed $89,000.00.

The amount awarded thus exceeds the amount calculable on the record before us and exceeds the amount recoverable based on the former wife's pleadings. Relief exceeding that which was pled is impermissible. Bull Motors, L.L.C. v. Brown, 39 Fla. L. Weekly D2317 (Fla. 3d DCA Nov. 5, 2014).

Whatever computations or spreadsheets may have been exhibited to the trial court to justify the dollar amounts in the order under review should, on remand, be moved into evidence and made a part of the record. As to the purge amount, the court must "make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions," Bowen v. Bowen, 471 So. 2d 1274, 1279 (Fla. 1985), and the amount itself must be supported by substantial, competent evidence.

---

[2] An additional amount for prejudgment interest on the months of arrearage might increase that computation by a few thousand dollars.

3

The order is reversed in part and remanded for further proceedings to substantiate the net amount of any arrearage and the purge requirement, and to provide specific evidence supporting the finding that the former husband has a present ability to pay the purge amount.

Other issues raised by the former husband are without merit and do not warrant detailed analysis.

Reversed in part and remanded.