# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0569
Lower Tribunal No. 15-15102
_____

## The Children's Home Society of Florida, a non-party,

Petitioner,

vs.

## K.W., K.J., R.B., R.B. and R.B.,

Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Klein Glasser Park & Lowe, P.L., and Kayla A. Riera-Gomez and Andrew M. Feldman, for petitioner.

Thomasina F. Moore, Statewide Director of Appeals and Laura J. Lee, Senior Attorney (Tallahassee), for the Statewide Guardian ad Litem Office.

Karla Perkins, Appellate Counsel for the Department of Children & Families.

Before LOGUE, LINDSEY and LOBREE, JJ.

PER CURIAM.

The Children's Home Society of Florida ("CHS"), a non-party to the dependency proceeding below, seeks a writ of common law certiorari directed at the lower court's March 9, 2020 order holding it in civil contempt and imposing a fine of $2,500 per day to compel compliance with a prior order.

A party cannot be held in contempt for non-compliance with a court order if the party did not have the present ability to comply with the court order. See, e.g., Wilcoxon v. Moller, 132 So. 3d 281, 287 (Fla. 4th DCA 2014); Harris v. Hampton, 70 So. 3d 747, 749 (Fla. 4th DCA 2011); Boby Express Co. v. Guerin, 930 So. 2d 842, 844 (Fla. 3d DCA 2006). In addition, the Florida Rules of Juvenile Procedure impose specific requirements on any order finding a party in contempt. Rule 8.286, which applies to all indirect civil contempt proceedings, provides: "If the court orders . . . a coercive fine . . . for failure to comply with a prior order, the court must set conditions for purge of the contempt, based on the contemnor's present ability to comply." Fla. R. Juv. P. 8.286(e). The same rule also expressly requires "a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding." Thus, before imposing contempt sanctions, the lower court was obligated to make affirmative findings, supported by facts, that CHS had the ability to comply with the conditions for the purge of the contempt. It did not do so. See Dep't of Children & Families v. R.H., 819 So. 2d 858, 862 (Fla. 5th DCA 2002); see also Winton v. Saffer, 158 So. 3d 703, 704 (Fla.

2

3d DCA 2015); <u>Creative Choice Homes, II, Ltd. v. Keystone Guard Servs., Inc.</u>, 137 So. 3d 1144, 1148 (Fla. 3d DCA 2014). As such, the lower court departed from the essential requirements of the law in finding that CHS had (and now has) the ability to comply with the amended order adjudging it guilty of indirect civil contempt.

Accordingly, we grant the petition for certiorari and quash the order under review.