# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2509
Lower Tribunal No. 14-10507-FC-04
_____

**Jill Pardes Wolfson, etc.,**
Petitioner,

vs.

**Andria Pardes,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

O'Connor Hernández & Associates, P.A., and Patrick J. O'Connor; Nesenoff & Miltenberg, LLP, and Kimberly S. Courtney and Andrew T. Miltenberg (New York, NY); Law Offices of Jeffrey Lichtman, and Jeffrey Lichtman (New York, NY), for petitioner.

Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for respondent.

Before SCALES, C.J., and MILLER and BOKOR, JJ.

BOKOR, J.

Jill Pardes Wolfson petitions for certiorari review of an order holding her in contempt and directing her to be incarcerated as a sanction for discovery violations and failure to pay court-ordered fees. Because the order neither affords Jill a reasonable time to purge herself of contempt nor includes adequate findings relating to her present ability to do so, we grant the petition and quash the order on review.

## BACKGROUND

Jill's father, Michael Pardes, died in 2021 while involved in a contentious divorce from his wife, Andrea Pardes. Jill was named both in her individual capacity as a third-party defendant during that action, and later as trustee and personal representative of Michael's estate after his death. Throughout both the original case and the instant supplementary proceedings, Andrea alleged that Jill was assisting Michael and his estate by concealing marital assets and obstructing discovery.

By agreement of the parties, the dissolution case was tried by a private judge, who rendered several money judgments against Michael's estate in September 2022. These judgments also directed Jill to fill out a fact information form and other documents relating to an accounting of estate assets. When Jill failed to comply, Andrea initiated statutory proceedings

2

supplementary against Jill in both her individual capacity and as trustee and personal representative of Michael's estate.

Jill was first held in contempt in February 2025 for failure to complete her fact information form and provide financial documents as required by the judgments. In April 2025, in response to Jill's failure to comply with a subpoena, the court entered another order noting Jill's history of discovery violations and directing production of the additional documents. This order followed an evidentiary hearing and included factual findings relating to Jill's failure to cooperate with discovery, but did not include findings regarding her finances. When Jill again failed to produce required documents, Andrea brought additional contempt and sanctions motions, which also added the claim that Michael's estate had failed to pay 50% of the private judge's fees as required by the parties' agreement. In July 2025, the court found Andrea entitled to the unpaid fees but reserved ruling on contempt and sanctions.

Following another evidentiary hearing, the trial court granted Andrea's motions and adjudicated Jill—in all three capacities as an individual, trustee, and personal representative—in contempt for both the failure to provide documents and the failure to pay the private judge's fees. Simultaneously, the court entered a writ of bodily attachment, effective immediately, with two purge provisions that would be satisfied upon the filing of an affidavit from

3

Andrea's counsel attesting that Jill had paid the outstanding fees and provided all remaining documents. This order adopted the court's findings of fact and conclusions of law from the prior contempt and sanctions orders but did not include any specific findings regarding Jill's present ability to pay the private judge's fees. This petition followed.

**ANALYSIS**

"Civil contempt orders are properly reviewed by certiorari," and "[t]he applicable standard of review is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law." Boby Express Co. v. Guerin, 930 So. 2d 842, 843 (Fla. 3d DCA 2006). "A contempt order imposing sanctions comes to this Court with a presumption of correctness and will only be overturned upon a showing that the trial court abused its discretion or departed from the essential requirements of law." Creative Choice Homes, II, Ltd. v. Keystone Guard Servs., Inc., 137 So. 3d 1144, 1146 (Fla. 3d DCA 2014).

It is well-established that "[t]here are three types of sanctions a court may impose: (1) criminal sanctions, (2) compensatory civil sanctions, and (3) coercive civil sanctions." Id. at 1146. The distinction between civil and

4

criminal sanctions "turns on the character and purpose of the sanctions involved." Parisi v. Broward County, 769 So. 2d 359, 364 (Fla. 2000) (quotation omitted). And any finding of civil contempt must allow the contemnor to purge herself of the contempt. Id. at 364–65; see also Fla. Bar v. Forrester, 916 So. 2d 647, 651 (Fla. 2005) ("[T]he hallmark of civil contempt is a purge provision allowing the contemnor to avoid the sanction imposed by complying with the court order.").

The Florida Supreme Court has expressly held that "incarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the *present* ability to purge himself of contempt." Bowen v. Bowen, 471 So. 2d 1274, 1277 (Fla. 1985) (emphasis added). So a sanction of incarceration resulting from a civil contempt order must include a purge provision with a "separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order," and "the order must also contain a reasonable period of time within which the [contemnor] may purge himself of contempt." Compagnoni v. Compagnoni, 619 So. 2d 450, 451 (Fla. 3d DCA 1993) (quoting in part Bowen, 471 So. 2d at 1279); see also Ross Dress for Less Va., Inc. v. Castro, 134 So. 3d 511, 523 (Fla. 3d DCA 2014) ("Where a party is being sanctioned for civil contempt for failing to abide by a court order, that

5

person must carry the key to his cell in his own pocket. Put another way, a party held in civil contempt and ordered to comply with a court order must be able to do so—that is, the party must have the ability to comply." (citation modified)).

The order here contains no such findings. While the order does include a purge provision adopting the trial court's findings from the prior contempt orders, the court gave Jill no time to comply, and the prior orders made no findings relating to Jill's present ability to pay the private judge's fees. The fact that Jill had been sanctioned previously and that this instant order related to enforcement of those prior contempt orders does not excuse Bowen's requirement that the court find a present ability to comply and allow a reasonable time to do so. Moreover, the limited factual findings in the prior contempt orders related solely to *the estate's* ability to pay, yet Jill is now being sanctioned in her *individual* capacity, and the court has never made findings as to her personal finances. "Without the present ability to pay from some available asset, the contemnor holds no key to the jailhouse door." Bowen, 471 So. 2d at 1277. And while "the trial court need not conduct an evidentiary hearing or make precise calculations in every case, there must be some indication in the record that the trial court considered the contemnor's ability to comply with the sanction, especially when the payment

6

of those assessments is necessary to avoid incarceration." <u>Creative Choice Homes</u>, 137 So. 3d at 1147–48 (citation omitted) ("Because the trial court did not afford Creative Choice a reasonable time to purge its contempt before imposing sanctions, and because it did not consider Creative Choice's present ability to pay those coercive sanctions, the trial court abused its discretion and departed from the essential requirements of the law by assessing the immediate per diem fines.").

For the reasons explained above, we grant the petition and quash the sanctions order and corresponding writ of bodily attachment.

Petition granted; order quashed.